Norm COLEMAN, Petitioner,

v.

MINNESOTA STATE CANVASSING BOARD, Michelle DesJardin, Hennepin County Elections Manager, Cynthia Reichert, Minneapolis Elections Director, Hennepin County Canvassing Board, individually and on behalf of all County and Local Election Officers and County Canvassing Boards, Respondents.

Al Franken for Senate and Al Franken, Intervenor–Respondents.

No. A08–2206.

Supreme Court of Minnesota.

Dec. 24, 2008.

### ORDER

Petitioner Norm Coleman has filed a petition under Minn. Stat. § 204B.44 (2006) concerning the election for United States Senator from Minnesota held on November 4, 2008, in which petitioner asks this court to (1) restrain the Minnesota State Canvassing Board from certifying or finalizing the results of its recount until the "duplicate/original" issue is resolved by the county canvassing officials; (2) order each campaign to list every precinct in which it believes duplicate ballots have not been correctly reconciled with the original ballots; (3) order the local canvassing boards to ensure that vote totals are reconciled to correct any errors relating to the "duplicate/original" issue so that no double-counting of votes occurs, and to do

so as part of this court's previously ordered process for finding wrongly rejected absentee ballots; (4) order the counties to amend their returns by the December 31, 2008 deadline so that accurate results are included in the Board's final certification results; and, (5) in the counties with precincts where all original ballots cannot be reconciled with duplicate ballots, order those county canvassing boards to amend their returns to the Board and in so doing, count and certify only original ballots for which there are corresponding marked duplicates. In addition, petitioners separately filed a motion for a temporary restraining order.

This action concerns ballots that are damaged or defective so that they could not be counted by the electronic voting machines on election day. Minnesota Statutes § 206.86, subd. 5 (2006), provides a process for dealing with such ballots. The statute requires the election judges to make a duplicate copy for each damaged ballot card that the machine cannot count. The duplicate must (a) be clearly labeled "duplicate," (b) indicate the precinct in which the damaged ballot was cast, and (c) bear a serial number that must also be recorded on the damaged ballot. The duplicate is then counted in lieu of the damaged ballot. The damaged ballots for which duplicates are made ("original damaged ballots") are to be placed in an envelope marked "ballots for which duplicates were or are to be made." Minn. R. 8230.3850, subp. E (2007).

In the course of the manual recount in the race for United States Senator, it was discovered that in some precincts there were some original damaged ballots for which no duplicate ballots were identified. The instructions from the Secretary of State to local recount officials directed that in precincts where there were significant discrepancies between the numbers of original damaged ballots and duplicate ballots, the candidates' representatives should attempt to agree on whether to sort the originals or duplicates for counting, and if there was no agreement, the original damaged ballots should be sorted. Based on these instructions, in a number of precincts unmatched original damaged ballots were counted in the manual recount.

Petitioner Coleman challenged unmatched original damaged ballots counted in the recount and asked the State Canvassing Board to disallow the counting of those ballots. Petitioner argued to the Board, and here, that although no matching duplicate ballots were found for the unmatched originals, it is likely that duplicate ballots were created and counted as required by statute, but not marked as duplicates as required by statute. Petitioner argued that if an unmarked duplicate ballot was among the ballots counted in the recount and the unmatched original was also counted, there would be impermissible double-counting of that voter's ballot. Petitioner contended that this double-counting was illustrated by the fact that in some precincts the total ballots counted in the recount exceeded the number of ballots recorded by the machines on election day, often by the number of unmatched original damaged ballots counted in the recount.

The Franken campaign argued, as it does here, that it cannot be assumed that for all unmatched original damaged ballots duplicate ballots were made and counted, but not labeled. Rather, the Franken campaign suggested, there are alternate scenarios that could account for both unmatched original damaged ballots and discrepancies in the number of ballots counted.

On December 19, 2008, the State Canvassing Board adopted a resolution rejecting all challenges "based upon duplicates

or originals that are not based on voter intent or identifying marks." It is that decision of the Board that petitioner alleges is in error and should be corrected in this proceeding.

There can be no dispute that unmatched original damaged ballots are valid ballots and the votes marked on those ballots should be counted in the election. There also can be no dispute that the same vote should not be counted twice. The dispute is whether counting the votes on the unmatched original damaged ballots in the recount will result in double-counting because those votes have already been counted based on an unmarked duplicate ballot. We do not and cannot decide that question based on the record presented in this abbreviated proceeding.

Because the resolution of petitioner's claim that double-counting of votes will result from including unmatched original damaged ballots in the recount is better suited to an evidentiary hearing and fact-finding, the decision of the State Canvassing Board to reject challenges to unmatched original damaged ballots counted in the recount was not in error and the relief requested by petitioner is denied.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The petition of Norm Coleman for relief from the December 19, 2008 decision of the State Canvassing Board rejecting challenges to unmatched original damaged ballots be, and the same is, denied. But our denial of the relief requested does not constitute a binding determination in a subsequent election contest proceeding.

2. Petitioner's motion for a temporary restraining order be, and the same is, denied as moot.

BY THE COURT

/s/Alan C. Page
Associate Justice

MAGNUSON, C.J., and ANDERSON, G. Barry, J., took no part in the consideration or decision of this matter.